PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
F I L E D

MAY 18 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE _Southern_ DISTRICT OF TEXAS

_Houston_ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

_Clinton Laru Ards_
PETITIONER
(Full name of Petitioner)

BAR I.D
24091214    vs.  _D.A Emily Thompson_
_Parole Officer L. McClain_

_Warden Herrera_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_Pack Wallace Unit_
CURRENT PLACE OF CONFINEMENT

_2297036_
PRISONER ID NUMBER

_Tr. Ct No. 1527712-A / WR.90 915-01_
CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    _____

2. Date of judgment of conviction: _____

3. Length of sentence: _____

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☐ Not Guilty   ☒ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☒ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal? N/A
   _N/A_ Cause Number (if known): N/A
   What was the result of your direct appeal (affirmed, modified or reversed)? N/A
   What was the date of that decision? N/A

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: N/A

   Result: N/A
   Date of result: N/A   Cause Number (if known): N/A

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A
   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:
    Name of court: Court of Criminal Appeals of Texas Austin TX
    Nature of proceeding: Double Jeopardy/Refuse to give back Time
    Cause number (if known): 1527712 / 1627846

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

–3–   Rev. 09/10

stamped date from the particular court: Dec 5, 2019

Grounds raised: I wasn't getting all my back Time and this is Double Jeopardy

Date of final decision: Jan 20, 2020

What was the decision? Dismissed

Name of court that issued the final decision: Criminal Court of Appeals Austin TX

As to any second petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

   (c) Have you filed, or do you intend to file, any petition attacking the judgment for the

—4—                                                                                      Rev. 09/10

sentence you must serve in the future? ☒ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: Harris County Jail/P.O.L.McClain

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☒ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☒ No

16. Are you eligible for release on mandatory supervision? ☒ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days? ☐ Yes ☒ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: N/A

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: N/A

    Date of Result: _____

Step 2  Result: _____N/A_____

Date of Result: _____N/A_____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. GROUND ONE: Parole Officer L. McClain told my wife to leave out a Sworn Affidavit that she shot me in the Back first. No where in the Affidavit dose it state I was shot

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Sabrina K. Levert told me my Lawyer L. Irving Paul Morgan Judge Robert Johnson, D.A Kim Ogg D.A., D.A Emily Thompson #24091214 that she shot me first in the Back and L. McClain told Sabrina Levert to leave that out

B. GROUND TWO: Sabrina Levert wrote a Sworn Affidavit inside the D.A. Office states that she shot me in the Back

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Sabrina Levert was told she had to come inside the D.A. Office to write a statement which is on file in the D.A. Office about Sabrina Levert states she shot me in the back, But the D.A Refuse this statement under oath

Rev. 09/10

C. **GROUND THREE:** Sabrina Levert told HPD that P.O. McClain told her to make a false statement about shooting me in the Back

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sabrina Levert was told by McClain my Parole Officer to go too HPD and give a statement, But Don't make mention anything about a gun Nor about you Shot Clinton Ards in the back, But Ms Levert told HPD this fact and HPD did Nothing

D. **GROUND FOUR:** Sabrina Levert wrote Judge Robert Johnson court 177th about this matter thru the District County clerk that's on file

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sabrina Levert file a letter to Judge Robert Johnson and Emily Thompson D.A about everything that's on file, But Nothing was said about this by Judge Robert Johnson & Emily Thompson she Refuse to believe the Truth

21. Relief sought in this petition: I'm asking that this be investigated by the F.B.I Perrye K. Turner, Thurgood Marshall Federal Judiciary D.C Judical Conduct State Commission Austin TX, Prosecuting Attorney, States Austin TX because I want to Know How is it that I got shot in the back still have a Bullet in my back and the person who shot me tell everyone she shot me first and it's on record but the D.A Emily Thompson Dismiss the case No 1527712-A then Recharge me with case No 1627846 then Refuse to give me back time from 2016 up until 2019 because I stayed in Harris County Jail 27 Months But stated I only had 4 months from Dec 5 2019 to 5/2020 Demand me 10 million for 200% of time did

Rev. 09/10

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. U.S. Court of Appeal Fifth Circuit

USDC No 4:20-cv-357 / No. 20-20114

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: PAUL Morgon/C.Irving

(b) At arraignment and plea: PAul Morgon/C.Irving Law firm

(c) At trial: _____

(d) At sentencing: C.Irving/Irving Law Firm Houston TX

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]



N/A

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

5-15-20 _____ (month, day, year).

Executed (signed) on  5-14-20 _____ (date).

*Clinton L Arch*
Signature of Petitioner (required)

Petitioner's current address: Pack Wallace Unit 2400 Pack Wallace Rd. Navasota TX 77868



Clinton Loun Arch
#2297036- C-11-14
Pack Wallace Unit
2400 Pack Wallace Rd
Navasota Tx 77868

United States District
Clerk Office
United States District
Court, U.S. Courthouse
515 Rusk
P.O. Box 61010
Houston Tx 77208-1010

United States Courts
Southern District of Texas
FILED
MAY 18 2020
David J. Bradley, Clerk of Court