United States District Court
Southern District of Texas
**ENTERED**
December 27, 2020
David J. Bradley, Clerk

| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

Clinton Laru Ards, §
    Petitioner, §
 §
v. §
 §   Civil Action H-20-1737
Bobby Lumpkin, §
Director, Texas Department §
of Criminal Justice, Correctional §
Institutions Division, §
    Respondent. §

# Report and Recommendation

On December 5, 2019, Clinton Laru Ards pleaded guilty to continuous violence against family and was sentenced to three years confinement. (D.E. 10-2 at 16.) Ards filed a petition for writ of habeas corpus on May 15, 2020, under 28 U.S.C. § 2254. (D.E. 1.) He asks this court to order an investigation into the calculation of his sentence because he believes that the state court failed to properly credit him for time served. Respondent moves to dismiss, asserting that Ards's sentence has been discharged and that, because he is no longer in custody, his claim is moot. (D.E. 10.) The court independently confirmed Ards's release.[1]

A case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III of the United States Constitution "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation

---

[1] A search for Ards's name and prisoner number on the TDCJ website generated no results. *See Offender Information Search*, Texas Department of Criminal Justice, https://offender.tdcj.texas.gov/OffenderSearch (type "Ards" in "Last Name" field or "2297036" in "TDCJ Number" field; then click "search") (last visited Dec. 18, 2020); s*ee also Ards v. State*, No. WR-90, 915-02 (Tex. Crim. App. Sept. 30, 2020), *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=ecd6a207-f622-45f1-af0a-c41aacb557a2&coa=coscca&DT=ACTION TAKEN&MediaID=eaea425a-8209-4027-a464-84089dbb9ec1 (last visited Dec. 18, 2020).

and internal quotation marks omitted). There must be a "collateral consequence" of the conviction or "concrete and continuing injury" for the court to address. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see Carlisle v. Normand*, 745 F. App'x 223, 224 (5th Cir. 2018) ("A habeas petition will be dismissed as moot upon expiration of the petitioner's criminal sentence unless there are continuing collateral consequences resulting from his conviction.").

Ards does not attack his conviction or sentence. He asks the court to recalculate the time he should have served. He believes he was entitled to an earlier release date than the one he got. Because Ards is no longer confined, there is no continuing injury. Even if the court found that Ards served too much time, he would be in the same position that he is in now. Any habeas relief that the court could grant has been rendered moot by Ards's discharge from confinement. *See Belasco v. Warden*, 156 F. App'x 671, 671 (5th Cir. 2005) (dismissing challenge for good-time credit calculation as moot because of petitioner's release from confinement); *Snowden v. Quarterman*, No. 3:06CV1372-M(BH), 2008 WL 4865547, at *3 (N.D. Tex. Nov. 10, 2008) (finding habeas petition alleging an illegal sentence was moot once the sentence was discharged and the petitioner released). The court therefore recommends that Ards's petition be dismissed as moot.

The court also notes that Ards has failed to pay the $5.00 filing fee and has not moved to proceed as a pauper. The court warned that the failure to do one or the other would result in dismissal of the case. (D.E. 11.) This is an independent reason for dismissal of Ards's petition.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 23, 2020.

_____
Peter Bray
United States Magistrate Judge